FILED
2005 Mar-29 AM 09:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JOHN WAYNE BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    CV 03-B-1086-S |
| | ) |
| **THE BLACK & DECKER CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion for Attorneys' Fees. (Doc. 24.) Defendant asks the court for $34,481.50 in attorneys' fees pursuant to 29 U.S.C. § 1132(g). Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion for Attorneys' Fees, (doc. 24), is due to be denied.

Section 1132(g)(1) provides, "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Pursuant to the law of this Circuit, the district court deciding a Motion for Attorneys' Fees considers the five *Iron Workers* factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA

plan or to resolve a significant legal question regarding ERISA itself; [and] (5) the relative merits of the parties' positions.

*Wright v. Hanna Steel Corp*, 270 F.3d 1336, 1344 (11th Cir. 2001)(citing, *inter alia*, *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir. 1980)). "No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address." *Iron Workers*, 624 F.2d at 1266, *quoted in Wright*, 270 F.3d at 1345.

As set forth below, the court finds that consideration of the *Iron Workers* factors compels denial of defendant's Motion for Attorneys' Fees.

**A. PLAINTIFF'S DEGREE OF CULPABILITY OR BAD FAITH**

The court finds that plaintiff has presented a colorable claim. The evidence is undisputed that defendant sent plaintiff a letter that stated his "Monthly Pension Benefit" if he took early retirement was $1,102.07. (Doc. 18, Ex. 1, ex. B at 0156.) However, after plaintiff reached 62 years old, he "monthly pension benefit" actually paid by defendant was $237.07. (*Id.* at 0151.) The court finds that plaintiff's claim based on the reduction of his monthly pension benefit was not taken in bad faith.

The court finds that plaintiff did not act in bad faith or with any degree of culpability. With regard to plaintiff's culpability, the court notes:

> [C]ourts have found that the "culpability" of a losing plaintiff "significantly differs" from that of a losing defendant: "A losing defendant must have violated ERISA, thereby depriving plaintiffs of rights under a pension plan and violating a Congressional mandate. A losing plaintiff, on the

2

other hand, will not necessarily be found 'culpable,' but may be only in error or unable to prove his case."

*Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000)(quoting *Marquardt v. North Am. Car Corp.*, 652 F.2d 715, 720 (7th Cir. 1981); other citations omitted)).

The court finds that this factor favors denial of defendant's Motions for Attorneys' Fees.

## B. PLAINTIFF'S ABILITY TO SATISFY AN AWARD OF ATTORNEYS' FEES

Defendant requests attorneys' fees in the amount of $34,481.50. (Doc. 24 at 1.) It contends:

> Black & Decker recognizes that Plaintiff's ability to satisfy an award is modest. Nonetheless, by electing the VRP [Voluntary Retirement Program], Plaintiff received a windfall of over $46,000 in additional benefits and continues to receive enhanced benefits, each month, under the VRP today. Therefore, an award of all fees sought with this motion would still leave Plaintiff with a net of more in pension benefits minus Black & Decker fees than the pension benefits that he expected to receive when he retired (which was before he learned of the VRP). As a result, this factor supports an award of attorneys' fees.

(*Id.* at 3-4 (footnote omitted).)

The court finds defendant's argument that plaintiff has received a "windfall"[1] of $46,000 is mere sophistry. The $46,000 cannot be considered a "windfall" to plaintiff as defendant and plaintiff agreed that plaintiff would received the additional income until age 62 in return for retiring and giving up his position with defendant, thereby losing his right

---

[1] A "windfall" is defined as "an unexpected, unearned, or sudden gain or advantage." MERRIAM-WEBSTER ONLINE DICTIONARY << http://www.m-w.com/>>.

to continue to earn wages during the same time period. Therefore, any argument that plaintiff was given an additional, unexpected "gift" or "bonus" by defendant is without merit.

Plaintiff has presented evidence that he currently receives $1,137 in monthly benefits from Social Security and his pension plan, less the cost of health insurance. Moreover, plaintiff contends that he received less that $9,000 from his landscape business. The court finds that plaintiff has presented evidence indicating that his yearly income is approximately $23,000. The court finds that plaintiff has demonstrated his financial inability to pay defendant's requested $34,000 in attorneys' fees.

The court finds that this factor favors denial of defendant's Motion for Attorneys' Fees.[2]

## C. DETERRENCE TO OTHERS

As set forth, the court finds that plaintiff's claim was, at least, colorable. Moreover, the court finds that "the third [*Iron Workers*] factor likely is not merely neutral, but weighs strongly against granting fees to the prevailing defendant." *See Salovaara*, 222 F.3d at 31. Indeed –

---

[2]The court notes, "A party's ability personally to satisfy a fee award, especially that of a plaintiff of limited means, has been held, in and of itself, to be an adequate basis for denying a defendant's motion for attorneys' fees" in an ERISA case. *Marquardt*, 652 F.2d at 718-19 (citing *Wooten v. New York Telephone Co.*, 485 F. Supp. 748, 762 (S.D. N.Y. 1980); *Doe v. Mundy*, 441 F. Supp. 447, 452 (E.D. Wis. 1977)); *cf. Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982)("a district court awarding attorney's fees to a prevailing Title VII defendant should consider . . . as a limiting factor, the plaintiff's financial resources").

> Awarding fees in [a non frivolous case] would likely deter beneficiaries and trustees from bringing suits in good faith for fear that they would be saddled with their adversary's fees in addition to their own in the event that they failed to prevail; this, in turn, would undermine ERISA's essential remedial purpose of protecting beneficiaries of pension plans."

*Id.* (citing *Gibbs v. Gibbs*, 210 F.3d 491, 505 (5th Cir.2000)). "Although an assessment of attorneys' fees against a plaintiff certainly would be a strong deterrent against bringing a frivolous action, it generally is sufficient that plaintiff bears his own attorneys' fees and costs to deter institution of a frivolous or baseless suit." *Marquardt v. North Am. Car Corp.* 652 F.2d 715, 721 (7th Cir. 1981).

Because plaintiff alleged a colorable claim, the court finds that this factor favors denial of defendant's Motion for Attorneys' Fees.

**D. DEFENDANT'S MOTIVE**

> Defendant contends –
>
> A judgment for Plaintiff would have been for payments of additional pension benefits from the Black & Decker Pension Plan. While small compared to the size of the plan, a judgment for Plaintiff would thus have had a detrimental impact on all participants and beneficiaries. Moreover, Black & Decker's action that led to this lawsuit was following the plain language of the Plan documents. Following the Pension Plan language is in the interests of all participants and beneficiaries of an ERISA plan. Therefore, this factor supports an award of attorneys' fees.

(Doc. 24 at 4.) Plaintiff disagrees; he contends, "Although Plaintiff would have received additional benefits out of the pension fund, Defendant's decision to send misleading, individualized information to its former employees in exchange for a broad release of claims was to benefit the company, not the plan participants." (Doc. 28 at 4.)

The court notes that the Seventh Circuit has held:

> [T]he benefit of the suit to all participants in an ERISA plan or the resolution of a significant legal question under ERISA is . . . primarily relevant only to whether *plaintiffs* should be awarded attorneys' fees. Plaintiffs will have added incentive to bring suits that benefit all plan beneficiaries and to enforce the policies behind ERISA if their attorneys' fees will be paid by defendants. Of course, sometimes a defendant may establish an interpretation of ERISA that clarifies the law or benefits ERISA plan beneficiaries, if not the plaintiff. But, in general, the fourth factor is significant in determining the benefits conferred in a suit brought by ERISA plaintiffs, rather than the benefits of dismissing a meritless ERISA suit.

*Marquardt*, 652 F.2d at 721 (emphasis added). This court agrees.

Defendant's defense of this action was not significant in either clarifying the law or benefitting plan beneficiaries. Rather, it was significant only in establishing that plaintiff's interpretation of the benefits letter was contrary to the terms of the pension plan. Therefore, the court finds that this is neutral and does not favor granting or denying defendant's Motion for Attorneys' Fees.

### E.  RELATIVE MERITS OF PARTIES' POSITIONS

For the reasons set forth in its Memorandum Opinion, the court finds that defendant's position had substantial merit, and plaintiff's position, while not completely devoid of merit, was not sufficient to prevail. Therefore, the court finds the relative merits of defendant's position were greater than the relative merits of plaintiff's position.

The fact favors granting defendant's Motion for Attorneys' Fees.

## CONCLUSION

6

Based on consideration of all of the *Iron Workers* factors, as set forth above, the court finds that consideration of the factors, in their entirety, weigh against granting defendant's Motion for Attorneys' Fees.  Therefore, defendant's Motion for Attorneys' Fees, (doc. 24), is due to be denied.[3]

**DONE** this the 25th day of March, 2005.

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[3]The court's decision to deny defendant's Motion for Attorneys' Fees does not affect defendant's right to file a Bill of Costs and received payment of its costs, not including attorneys' fees, as set forth in the court's Order granting Defendant's Motion for Summary Judgment.